UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Rebecca Friedmann,

        Plaintiff,

vs.                               Case No. 3:08-cv-562-J-25MCR

Commissioner of Social Security,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney Fees (Doc. 16) filed September 22, 2009. Plaintiff certifies that Commissioner has no objection to the fees sought by Plaintiff's counsel. (Doc. 16, p. 2). This Motion follows the entry of a Judgment reversing and remanding the decision of the ALJ with respect to Plaintiff's claim for benefits. (Doc. 15).

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

1. Prevailing Party

The Judgment in this case (Doc. 15), filed on August 14, 2009, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on August 14, 2009, and the Motion was filed on September 22, 2009.  Accordingly, the Motion was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff's net worth was not in excess of $2 million at the time the Complaint was filed. (Doc. 16, p. 2). Thus, Plaintiff is not exempt from qualification under 28 U.S.C. § 2412.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under the EAJA, we now turn to the reasonableness of the amount of fees sought. Plaintiff requests an award of $4,161.63 in attorney's fees, representing 19.05 hours at an hourly rate of $173.00 and 2.80 hours at an hourly rate of $171.13.[1] (Doc. 16, p. 2).

---

[1] The change in hourly rate accounts for the change in the cost of living for the years of 2008 and 2009.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). Because the Commissioner does not oppose Plaintiff's proposed hourly rates of $171.13 and $173.00, the Court determines a cost of living increase justifies counsel's fee in this case and thus, the Court will adopt these rates as reasonable. The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

Additionally, Plaintiff seeks costs in the amount of $386.82 to account for postage, copying, facsimile costs, and the filing fee. (Doc. 17, p. 6). The Court believes the amount of costs incurred is reasonable. Therefore, the Court finds $4,161.63 ($3,774.81 + $386.82) is a reasonable fee in this case.

**C. Payment of Fees Directly to Counsel**

Plaintiff requests that the attorney's fees be paid directly to Plaintiff's counsel. In <u>Reeves v. Astrue</u>, the Eleventh Circuit determined the unambiguous text of the EAJA requires that "attorney's fees are awarded to the prevailing party, not the prevailing party's attorney." No. 07-11404, 2008 WL 1930587, *5 (11th Cir. 2008). In <u>Reeves</u>, the question before the Court was whether an award of attorney's fees belonged to the party or the party's counsel. The Eleventh Circuit unequivocally determined an award of attorney's fees is awarded to the prevailing party and not the prevailing party's attorney. <u>Id.</u> Here, although Plaintiff has a right to the attorney's fees, she has executed an

Assignment of EAJA Fees assigning any fees awarded to her pursuant to EAJA to her attorney. (Doc. 20). Because this Court does not interpret Reeves as preventing an assignment of the fees, the Court finds the fees in this case may be made payable directly to Plaintiff's counsel.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Attorney Fees (Doc. 16) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,161.63, which shall be made payable to Plaintiff's counsel.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  25th  day of September, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record